# Exhibit "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index #:

----------------------------------------------------------------------X

JEOFFREY MAYO,

Plaintiff,

-against-

CVS PHARMACY, INC and CVS INC.

Defendants.

----------------------------------------------------------------------X

Plaintiff designates NEW YORK County as the place of trial.

The basis of venue is Defendant's residence.

**SUMMONS**

Plaintiff's Address:
143-25 84th Drive, Apt 5D
Briarwood, New York 11455

TO THE DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer or, if the Complaint is not served with a Summons, to serve a Notice of Appearance upon Plaintiff's attorney within 20 days after service of this Summons upon you, exclusive of the date of service, (or within 30 days after service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or Answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Garden City, New York
February 4, 2026

LAW OFFICES OF NEIL MOLDOVAN, P.C.

By: ______________________________
NEIL MOLDOVAN, ESQ.
*Attorneys for Plaintiff*
*JEOFFREY MAYO*
900 Stewart Avenue, Suite 220
Garden City, New York 11530
(516) 294-3300
neil@neilmoldovanlaw.com

**Defendant's Addresses**:

**CVS PHARMACY, INC**
28 Liberty St.
New York, NY 10005

**CVS, INC.**
200 E 15th ST # 16A
NY, NY 10003-3919

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------------X

JEOFFREY MAYO,

Plaintiff,

Index #:

-against-

**VERIFIED COMPLAINT**

CVS PHARMACY, INC and CVS, INC.

Defendants.

---------------------------------------------------------------------X

Plaintiff, JEOFFREY MAYO, by and through his attorneys, the LAW OFFICES OF NEIL MOLDOVAN, P.C., complaining of Defendants above-named, alleges upon information and belief as follows:

**THE PARTIES**

1. At all times hereinafter mentioned, Plaintiff JEOFFREY MAYO (hereinafter "MAYO"), was and still is a resident of the County of Queens, State of New York.

2. That at all times hereinafter mentioned, the defendant CVS, INC. (hereinafter "CVS INC"), was and still is a Domestic Business Corporation duly organized and existing pursuant to the laws of the State of New York.

3. That at all times hereinafter mentioned, the defendant CVS PHARMACY, INC. (hereinafter "CVS PHARMACY"), was and still is a Foreign Business Corporation organized and existing pursuant to the laws of the State of Rhode Island and is authorized to do business in the State of New York.

4. That at all times hereinafter mentioned, the defendant CVS INC owns and operates a pharmacy duly licensed by the State of New York located at 118-10 Queens Blvd, Forest Hills, NY 11375.

5. That at all times hereinafter mentioned, the defendant CVS INC was and still is the parent corporation of CVS PHARMACY which owns and operates a pharmacy duly licensed by the State of New York, located at 118-10 Queens Blvd, Forest Hills, NY 11375.

6. That at all times herein mentioned, CVS PHARMACY, is conducting business in the State of New York.

7. That at all times herein mentioned, CVS INC, is conducting business in the State of New York.

## THE ACCIDENT

8. Upon information and belief that, at all times hereinafter mentioned, CVS INC owned/leased structure known as 118-10 Queens Boulevard, Forrest Hills, NY 11375 (hereinafter "the Premises").

9. Upon information and belief that, at all times hereinafter mentioned, CVS INC owned/leases the Premises.

Upon information and belief that, at all times hereinafter mentioned, CVS PHARMACY owned/leases the Premises.

10. On or about June 12th, 2025, MAYO was lawfully at the Premises.

11. On or about June 12th, 2025, while MAYO was standing waiting for his medication he was struck on the head by the faulty pharmacy gate, which caused him to fall and resulted in serious injuries sustained on the premises (hereinafter "Aforesaid Condition").

**AS AND FOR A FIRST CAUSE OF ACTION**
**FOR NEGLIGENCE AGAINST CVS INC**

12. Plaintiff repeats, reiterates and realleges each and every allegation set forth above in paragraphs 1 through 11 of the Verified Complaint as if same had been set forth more fully herein at length.

13. That upon information and belief that, at all times hereinafter mentioned, CVS INC, its agents, servants and/or employees owned/leased the Premises.

14. At all times hereinafter mentioned, CVS INC, its agents, servants, employees, permittees, licensees, and/or contractors has a duty to manage the Premises.

15. At all times hereinafter mentioned, CVS INC, its agents, servants, employees, permittees, licensees and/or contractors, has a duty to control the Premises.

16. At all times hereinafter mentioned, CVS INC, its agents, servants, employees, permittees, licensees and/or contractors, has a duty to inspect the Premises.

17. At all times hereinafter mentioned, CVS INC, its agents, servants, employees, permittees, licensees and/or contractors, has a duty to maintain the Premises.

18. At all times hereinafter mentioned, CVS INC, its agents, servants, employees, permittees, licensees and/or contractors, has a duty to make repairs to the Premises.

19. That at all times hereinafter mentioned, it was the duty of CVS INC, its agents, servants, employees and/or assigns to own, operate, manage, maintain, inspect, supervise, and control the Premises in a reasonably safe condition.

20. On Thursday, June 12, 2025, MAYO was waiting carefully for his medication when he was struck on the head/ body from the faulty pharmacy gate due to the Aforesaid Condition and was thereby caused to sustain severe personal injuries as a result of the negligence, recklessness, and carelessness of CVS INC.

21. Upon information and belief, CVS INC, its agents, servants, employees, permittees, licensees caused and created the CVS PHARMACY's gate to descend upon MAYO head/body causing injuries to MAYO.

22. That the occurrence was due to the negligence, recklessness, and carelessness of CVS INC, its agents, servants, employees, permittees, licensees and/or contractors in breaching their duty to safely own, operate, control, manage, inspect, maintain and/or repair the Premises; by negligently allowing that Aforesaid condition to be created; by negligently failing to repair the Aforesaid condition; by negligently allowing the Aforesaid condition to become a public nuisance and trap; by negligently failing to warn of the Aforesaid condition; and by negligently failing to block off and/or adding sign to the area to prevent pedestrians from being injured.

23. That by reason thereof, MAYO has been prevented from following his usual vocation and has been obliged to incur expenses and obligations for medicines, medical care, and attention and treatment and he believes that he will in the future be obliged to incur further expenses and obligations for medicines, medical care, and attention and treatment and continuous pain and suffering and be unable to follow his current vocation and avocation.

24. Upon information and belief, MAYO physical injuries are of a permanent character, and he believes that he will in the future be obliged to incur further expenses and obligations for medicines and medical treatment and that he will experience continuous pain and suffering.

25. That no negligence by MAYO contributed to the alleged occurrence in any manner whatsoever.

26. That this action falls within one or more of the exceptions set forth in the Civil Practice Law and Rules, Article 16, specifically Section 1602.

27. By reason of the foregoing, MAYO brings this action for damages, both general and specific, in an amount of money that exceeds the monetary jurisdictional limits of all courts below the Supreme Court of New York which otherwise would have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION**
**FOR NEGLIGENCE AGAINST CVS PHARMACY**

28. Plaintiff repeats, reiterates and realleges each and every allegation set forth above in paragraphs 12 through 27 of the Verified Complaint as if same had been set forth more fully herein at length.

29. That upon information and belief that, at all times hereinafter mentioned, CVS PHARMACY, its agents, servants and/or employees owned/leased the Premises.

30. At all times hereinafter mentioned, CVS PHARMACY its agents, servants, employees, permittees, licensees, and/or contractors, has a duty to manage the Premises.

31. At all times hereinafter mentioned, CVS PHARMACY, its agents, servants, employees, permittees, licensees and/or contractors, has a duty to control the Premises.

32. At all times hereinafter mentioned, CVS PHARMACY, its agents, servants, employees, permittees, licensees and/or contractors, has a duty to inspect the Premises.

33. At all times hereinafter mentioned, CVS PHARMACY, its agents, servants, employees, permittees, licensees and/or contractors has a duty to maintain the Premises.

34. At all times hereinafter mentioned, CVS PHARMACY, its agents, servants, employees, permittees, licensees and/or contractors, has a duty to make repairs to the Premises.

35. That at all times hereinafter mentioned, it was the duty of CVS PHARMACY its agents, servants, employees and/or assigns to own, operate, manage, maintain, inspect, supervise, and control the Premises in a reasonably safe condition.

36. On Thursday, June 12, 2025, MAYO was waiting carefully for his medication when he was struck on the head/ body from the faulty pharmacy gate due to the Aforesaid Condition and was thereby caused to sustain severe personal injuries as a result of the negligence, recklessness, and carelessness of CVS PHARMACY.

37. Upon information and belief, CVS PHARMACY, its agents, servants, employees, permittees, licensees caused and created the CVS PHARMACY's gate to descend upon MAYO head/body causing injuries to MAYO.

38. That the occurrence was due to the negligence, recklessness, and carelessness of CVS PHARMACY, its agents, servants, employees, permittees, licensees and/or contractors in breaching their duty to safely own, operate, control, manage, inspect, maintain and/or repair the Premises; by negligently allowing that Aforesaid condition to be created; by negligently failing to repair the Aforesaid condition; by negligently allowing the Aforesaid condition to become a public nuisance and trap; by negligently failing to warn of the Aforesaid condition; and by negligently failing to block off and/or adding sign to the area to prevent pedestrians from being injured.

39. That by reason thereof, MAYO has been prevented from following his usual vocation and has been obliged to incur expenses and obligations for medicines, medical care, and attention and treatment and he believes that he will in the future be obliged to incur further expenses and obligations for medicines, medical care, and attention and treatment and continuous pain and suffering and be unable to follow his current vocation and avocation.

40. Upon information and belief, MAYO physical injuries are of a permanent character, and he believes that he will in the future be obliged to incur further expenses and obligations for medicines and medical treatment and that he will experience continuous pain and suffering.

41. That no negligence by MAYO contributed to the alleged occurrence in any manner whatsoever.

42. That this action falls within one or more of the exceptions set forth in the Civil Practice Law and Rules, Article 16, specifically Section 1602.

43. By reason of the foregoing, MAYO brings this action for damages, both general and specific, in an amount of money that exceeds the monetary jurisdictional limits of all courts below the Supreme Court of New York which otherwise would have jurisdiction.

WHEREFORE, Plaintiff JEOFFREY MAYO demands judgment in his favor against Defendants, CVS PHARMACY, INC and CVS, INC. on the Cause of Action set forth herein, and demands a sum of money that exceeds the jurisdictional limits of the lower courts below the Supreme Court of New York, together with the costs and disbursements of this action, and for

such other and further relief as this Court may deem just and proper.

Dated: Garden City, New York
February 4, 2026

Yours, etc.

LAW OFFICES OF NEIL MOLDOVAN, P.C.

By: ______________________________

NEIL MOLDOVAN, ESQ.
*Attorneys for Plaintiff,*
*JEOFFREY MAYO*
900 Stewart Avenue, Suite 220
Garden City, New York 11530
(516) 294-3300
neil@neilmoldovanlaw.com

## ATTORNEY VERIFICATION

I, the undersigned, an attorney duly admitted to practice law in the State of New York and in good standing, affirm the following under penalties of perjury:

I am an attorney with the Law Offices of Neil Moldovan, P.C., the attorneys of record for Plaintiff JEOFFREY MAYO in the within lawsuit. I make this affirmation in accordance with CPLR §3020.

I have read the within Summons and Verified Complaint and know the contents thereof to be true to my own knowledge, with the exception of those matters stated therein to be alleged upon information and belief, and as to those matters, I believe them to be true.

The grounds upon which I base my belief regarding those matters not stated upon my knowledge are my review of the file, my conversations with Plaintiff, and my visit to the site of the accident.

I, rather than Plaintiff, make this verification because Plaintiff resides outside the county where I maintain my office.

Dated: Garden City, New York
February 4, 2026

NEIL MOLDOVAN, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------------X

JEOFFREY MAYO,

Plaintiff,

Index #:

-against-

CVS PHARMACY, INC and CVS, INC.

Defendants.

----------------------------------------------------------------------X

**SUMMONS AND VERIFIED COMPLAINT**

*Pursuant to 22 NYCRR130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Law Offices of Neil Moldovan, P.C.
Attorneys for Plaintiff

By: **NEIL MOLDOVAN, ESQ.**
900 Stewart Avenue
Garden City, NY 11530
(516) 294-3300