

# LAW OFFICES OF NEIL MOLDOVAN, P.C.

900 Stewart Avenue, Suite 220
Garden City, New York 11530

Tel (516) 294-3300
Fax (516) 294-4019

*Service by fax not accepted*

**NEIL MOLDOVAN**

JUSTIN K. MOLDOVAN

KATHLEEN DOHERTY
GINA M. FORTUNATO
JAMES M. MARINO

June 1, 2026

This matter is referred to Judge Parker for General Pretrial purposes. The parties shall raise any and all disputes before her.

SO ORDERED.

Hon. Ronnie Abrams
June 2, 2026

**VIA PACER**
Hon. Katharine H. Parker
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> Re: Caption: *Jeoffrey Mayo v. CVS*
> S.D.N.Y. Docket No.: 1:26-CV-02174-RA
> **PLAINTIFF'S REQUEST FOR A PRE-MOTION CONFERENCE**

Dear Magistrate Judge Parker:

We represent Plaintiff, Jeoffrey Mayo, in the captioned personal injury lawsuit, which arises out of a June 12, 2025 incident in which Mr. Mayo alleges he was struck in the head by a white metal pharmacy gate at a CVS Pharmacy in Queens when the gate descended from the ceiling as Mr. Mayo was paying for prescription medication at the pharmacy counter. We request a pre-motion conference to address CVS's failure to produce crucial evidence including, *inter alia*, video of the incident taken from the camera above Mr. Mayo's head.

*Camera with blue circle drawn around it on ceiling directly above where Mr. Mayo was standing when the gate descended, yet CVS has not produced a video from this camera angle. Photo taken by Mr. Mayo on May 15, 2026.*



CVS only produced video of the incident taken from a camera <u>behind</u> the pharmacy counter, (see below screenshots from video ending in #56-153), which is problematic because this camera angle obscures the alleged gate-to-head contact. CVS's attorneys are using this video angle to argue that the gate never struck Mr. Mayo's head but instead, lowered in front of his head.


*Mr. Mayo paying at counter.*


*White gate descending from ceiling.*


*Gate at Mr. Mayo's head.*

*3 images of Mr. Mayo backing up after gate at head.*





*Mr. Mayo reaching for his head after gate at head.*



Mr. Mayo is scheduled to undergo cervical surgery on June 4, 2026, as a result of the subject incident. The court ordered mediation is scheduled for August 13, 2026. We wrote four good faith letters to CVS's attorneys in which we repeatedly advised them that we cannot engage in a meaningful mediation without the following full disclosure:

1. May 11, 2026: We served a deficiency letter upon CVS (**Exh. A**) regarding CVS's Automatic Disclosures (**Exh. B**) and Response to Notice to Produce (**Exh. C**), which failed to produce the CVS Incident Report that should have been generated when Mr. Mayo returned to the store approximately 20 minutes after the incident to report he was injured, and failed to produce CVS's full insurance disclosure. We also took exception to CVS's blanket objections (made without a Privilege Log) to producing its accident investigation reports, CVS's file regarding the incident and adverse party statements by CVS employees who witnessed the incident. Moreover, we asked CVS to explain its objections to producing design drawings of the prescription drug dispensary area and CVS's rules in effect on the incident date regarding reporting and investigating accidents. Furthermore, we asked CVS to produce an affidavit regarding the items it claims not to be in possession of, which included the Operator's Manual, installation records and Safety Manual for the gate, and, for 3 years prior to the incident, maintenance, repair and inspection records for the gate, prior complaints to CVS regarding the gate, other pleadings regarding injuries caused by the gate and internal communications regarding the manner in which the gate functioned.

2. May 22, 2026: We served a letter upon CVS's attorneys (**Exh. D**) asking them to produce video from the camera directly above Mr. Mayo's head, and we provided them with 3 photos of the camera, including the photo shown on page 1, above.

3. May 26, 2026: We served another letter upon CVS's attorneys (**Exh. E**) asking them to provide us with video showing Mr. Mayo returning to the store to report the incident about 20 minutes after the incident occurred.

4. May 27, 2026: We served a final letter upon CVS's attorneys reiterating the issues raised in the above three letters. (**Exh. F** – Redacted where the letter sets forth discussions with the Court appointed mediator at the parties' pre-mediation ZOOM meeting.)

We respectfully request a pre-motion conference to address all of the above discovery issues and we thank the Court for entertaining this request.

Respectfully submitted,

LAW OFFICES OF NEIL MOLDOVAN, P.C.

By: _____

GINA M. FORTUNATO, ESQ.

CC: **VIA PACER**
Erin Frost, Esq. and Julia Merani, Esq.
Cullen & Dykman, LLP
*Attorneys for Defendant, CVS*
One Battery Park Plaza
34th Floor
New York, New York 10004

3

# EXHIBIT A

# N
## LAW OFFICES OF NEIL MOLDOVAN, P.C.

900 Stewart Avenue, Suite 220
Garden City, New York 11530

Tel  (516) 294-3300
Fax  (516) 294-4019

**NEIL MOLDOVAN**

*Service by fax not accepted*

JUSTIN K. MOLDOVAN

KATHLEEN DOHERTY
GINA M FORTUNATO
DAVID A LOUDON
JAMES M MARINO

May 11, 2026

**VIA EMAIL**
Erin Frost, Esq.    Efrost@cullenllp.com
Julia Merani, Esq. — Jmerani@cullenllp.com
Cullen & Dykman, LLP
One Battery Park Plaza
34th Floor
New York, New York 10004

Re:    *Jeoffrey Mayo v. CVS*
       S.D.N.Y. Docket No. 1:26-CV-02174-RA
       D/A: 06/12/2025
       **GOOD FAITH LETTER**

Dear Ms. Frost and Ms. Merani:

## DEFICIENCIES IN CVS's AUTOMATIC DISCLOSURES

### Incident Report

In CVS's Automatic Disclosures, received today via email, at ¶2 CVS attached a purported Incident Report. That report indicates that one of our paralegals named Kareem Beckels, reported the incident to CVS. However, it is our understanding that on the evening of the incident, Plaintiff Jeoffrey Mayo physically went back to the pharmacy area at CVS and reported the incident then and there. Please produce that Incident Report.

### Insurance Disclosure

In CVS's Automatic Disclosures, it merely says that CVS's self-insured policy limits are "sufficient to satisfy any foreseeable judgment in this matter." That response is insufficient. Please provide the full self-insured limits and a copy of any policy.

## DEFICIENCIES IN CVS's RESPONSE TO
## PLAINTIFF'S 4/21/26 NOTICE TO PRODUCE

**We take exception to CVS's blanket objections to producing the following items that CVS claims are work product and documents prepared in anticipation of litigation:**

¶5    CVS's investigative reports regarding the subject incident;

¶14    The file that CVS maintains in the ordinary course of its business regarding the subject incident:

¶18    Adverse party statements.

Local Civil Rule 26.2 of the Southern District of New York requires CVS to produce a privilege log. We await receipt of your privilege log.

**We take exception to CVS's blanket objections to producing the following items that CVS claims are vague, unduly broad, unduly burdensome and outside the scope of discovery:**

¶6    Design drawings/blueprints of the prescription/drug dispensary area;

¶15    CVS's rules, regulations, guidelines and protocols that were in effect on the June 12, 2025 date of incident for the investigation and reporting of accidents that occur on CVS's property.

We await your explanation for these objections.

**With respect to the demanded items that CVS claims it is not in possession of, provide an affidavit.**

Given that CVS contends it is not in possession of the following items, please produce an affidavit of the CVS employee who searched for the records, stating where records of this nature would be kept, who performed the search, when the search was done, and why the demanded items are not in CVS's possession:

¶7    Operator's Manual for the subject metal pharmacy gate;

¶8 - Installation records for the subject metal pharmacy gate;

¶9 - Safety Manual for the subject metal pharmacy gate;

¶10    Maintenance and repair records for the subject metal pharmacy gate for the period June 12, 2022 through June 12, 2025;

¶11 – Prior complaints to CVS regarding the subject metal pharmacy gate for the period June 12, 2022 through June 12, 2025;

¶12    Pleadings in which Plaintiffs alleged that they were injured by the subject metal gate on or prior to June 12, 2025:

2

¶13   Inspection reports regarding the subject metal pharmacy gate for the period June 12, 2022 through June 12, 2025;

¶16 - Internal communications within CVS regarding the manner in which the subject metal gate was functioning for the period June 12, 2022 through June 12, 2025.

## GOOD FAITH EFFORTS TO RESOLVE THESE MATTERS
## WITHOUT COURT INTERVENTION

Please provide the above items **by May 29, 2026.** This constitutes Plaintiff's good faith efforts to resolve this matter without the need for a pre-motion conference.

Very truly yours,

LAW OFFICES OF NEIL MOLDOVAN, P.C.

By: _____
GINA M. FORTUNATO, ESQ.

3

# EXHIBIT B

Case 1:26-cv-02174-RRA-KHP   Document 48-18   Filed 06/02/26   Page 8 of 40

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JEOFFREY MAYO,

                              Plaintiff,

    -against-

CVS PHARMACY, INC. and CVS INC.

                            Defendants,
------------------------------------------------------------------------X

**RESPONDENT'S RULE 26(a)(1) DISCLOSURES**

Docket No.: 1:26-cv-02174-RA

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Respondent, **CVS ALBANY, LLC, i/s/h/a CVS PHARMACY, INC. and CVS INC.,** (hereinafter "CVS"), by its attorneys, Cullen and Dykman LLP, makes the following disclosures:

1.    **Rule 26(a)(1)(A)** – The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subject of the information:

   **Disclosure:** Upon information and belief, CVS employee Nicole Abrante is believed to have witnessed the alleged incident. CVS reserves the right to supplement this response.

2.    **Rule 26(a)(1)(B)** – A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody or control of the party that are relevant to disputed facts alleged with particularity in the pleadings:

   **Disclosure:** Annexed hereto is the incident report. Additionally, surveillance footage from the date of the incident will be disclosed under separate cover. **Please take notice** that all of the exhibits in the response are **confidential.** CVS reserves the right to supplement this response.

3.    **Rule 26(a)(1)(C)** – A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the document or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including material bearing on the nature and extent of injuries suffered.

   **Disclosure:** This disclosure is not applicable to CVS.

CLIENTS\23000\389\35708665.v1-4/30/26

4. **Rule 26(a)(1)(D)** – Produce for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

   **Disclosure:** CVS is self-insured with policy limits sufficient to satisfy any foreseeable judgment in this matter.

5. **Rule 26(a)(2)(A)** – Identity of any person who may be used at trial to present evidence under Rules 702 (Testimony by Experts), 703 (Bases of Opinion Testimony by Experts) or 705 (Disclosure of Facts or Data Underlying Expert Opinion) of the Federal Rules of Evidence.

   **Disclosure:** CVS has yet to retain the services of any expert witnesses. A supplemental response will be provided if/when experts are retained.

6. **Rule 26(a)(2)(B)** – Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinion to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

   **Disclosure:** CVS will respond if/when any experts are retained to testify at trial.

CVS's investigation of this matter is continuing, and it hereby reserves the right to supplement this disclosure in the event additional witnesses and/or documents are identified. CVS also submits this disclosure subject to and without waiving its right to object to the relevance or admissibility of any documents and/or witness testimony identified herein.

**PLEASE TAKE NOTICE** that all documents disclosed under this response, previous responses and future responses are **CONFIDENTIAL.**

Dated: New York, NY
April 30, 2026

CLIENTS\23000\389\35708665.v1-4/30/26

.

BY: <u>Julia Merani, Esq.</u>
Cullen and Dykman, LLP
*Attorneys for Defendant*
**CVS ALBANY, LLC i/s/h/a CVS PHARMACY,
INC., and CVS INC.,**
One Battery Park Plaza, 34th Floor
(212) 701-4169

TO: Law Offices of Neil Moldovan, P.C.
*Attorneys for Plaintiff*
**JEOFFREY MAYO**
900 Steward Avenue, Suite 220
Garden City, New York 11530
gina@neilmoldovanlaw.com

# Possible claim number: [External] - FW: Sedgwick GL Incident #4A25076B5Y70001 for CVS Pharmacy, Inc. DOL: 06/12/2025

Subject: [External] - FW: Sedgwick GL Incident ███████████ for CVS Pharmacy, Inc. DOL: 06/12/2025
From: CVS Mail ███████████████████
To: ████████████████████████
Date and Time: 7/7/2025 10:47:10 AM
CC:

CAUTION: **This Email is from an external source (CVSMail@sedgwickcms.com).** Use caution before responding to it, opening attachments or clicking links.

From: ████████████████████ ██████████████████
Sent: Monday, July 7, 2025 2:46:28 PM (UTC+00:00) Monrovia, Reykjavik
To: CVS Mail ██████████████████
Subject: Sedgwick GL Incident #████████████ for CVS Pharmacy, Inc. DOL: 06/12/2025

## CVS Pharmacy, Inc. - General Liability

### CONFIDENTIAL

**Incident #** ████████████████

Call Start Date: 07/07/2025
Incident Date: 06/12/2025
Claim Number: ████████████████
Claimant Name: Jeoffrey Mayo
Caller Name: Kareem Beckles
Caller Phone: 516-294-3300
Handling Office: Office Number: 631

Sedgwick Claims Management Services, Inc

P.O. BOX 14012

Lexington KY, 40512

855-692-8987

Client Number: 6795
Loss State: NY

Thank you for reporting this claim to Sedgwick. Below please find a report of the General Liability claim that was recently reported.

## CVS Pharmacy, Inc.

Is Claim For Damage To
CVS Leased Or Owned
Property?
Is This Claim Being Filed To
Report Theft?

Is This Claim Being Filed To Report Damage To A Vehicle?

## Caller Information

| | |
|---|---|
| Loss Date: | Thursday, June 12, 2025 |
| Loss Time: | 12:00 PM |
| Reporter Type | Attorney |
| First Name | Kareem |
| Last Name | Beckles |
| Work Phone Number | 516-294-3300 Ext. |

Cell Phone Number
Caller Job Title
Reporters Employee ID
Was a Vaccine just administered?
Is this incident directly related to or as a result of an injection, misdiagnosis or medical treatment?
Does this incident involve a vaccine, a pharmacy prescription or a pharmacy employee?

## Client/Location Information

| | |
|---|---|
| Location Lookup | ContractNumber: 6795 |
| | ClientName: CVS Pharmacy, Inc. |
| | AccountNumber: 67950001 |
| | AccountName: Retail |
| | UnitNumber: 00499A |
| | UnitName: 499B01_CVS ALBANY, L.L.C._Open |
| | Address: 118-10 Queens Boulevard |
| | City: Forest Hills |
| | State: NY |
| | PostalCode: 11375 |
| | Country: USA |
| Is This The Loss Location? | Yes |
| Client Notified Date | Monday, July 7, 2025 |

## Loss Location Information

| | |
|---|---|
| Loss Location Name | 499B01_CVS ALBANY, L.L.C._Open |
| Address | 118-10 Queens Boulevard |
| | Forest Hills, NY 11375 |

| | |
|---|---|
| Phone Number | 7185201842 Ext. |
| Loss Description | Claimant was hit on the head by a pharmacy gate. |
| Escalation Criteria | Non-Escalating Injury |
| Authorities Involved? | Unknown |

## Additional Incident Information

Is There Any Product Involved In This Incident?
Who At The Location Was The Incident Reported To?
Who Inspected The Area?
Were Photos Taken Of The Incident?          Unknown
Did The Incident Occur Inside Or Outside Of The Location?
On Which Aisle Did The Incident Occur?
Are Any Claimants Under 18 Years Old?
Was The Claimant Wearing Glasses?
What Type Of Shoes Was The Claimant Wearing?
Was The Claimant Carrying Anything At The Time Of The Incident?
Who Was The First Responder To The Incident?
Is This A Customer Relations Report?

## Property/Injured Parties Involved

Property Summary

No records.

Injured Party Summary

Injured Party Involved 0

Other Injured Party Type

7-7-2025 First Name                    Jeoffrey          4A25076B5Y70001

6020250707015906

Last Name                  Mayo

Address                    Unk
                                     Unk, NY 99999
                                     United States of America

Work Phone Number       999-999-9999 Ext.

Home Phone Number      999-999-9999

Cell Phone Number        999-999-9999

Occupation

Marital Status

Injury Description          Unknown

Cause Of Injury             Fixture - Inside Store - 0023

Nature Of Injury

Body Part                   Head NEC - 1001

Medical Treatment
Provided?

No records.

Does this claim involve a
minor?

Email Address

Is the claimant represented     Yes
by an attorney?

## Witness Summary Information

Witnesses

      No records.

## Contact Information

Is Contact Same As Caller?    Yes

First Name                Kareem

Last Name                 Beckles

Work Phone Number      516-294-3300 Ext.

Cell Phone Number
Email Address
Would You Like An Email
Copy Of This Report?

## Comments/Remarks

Comments / Remarks  Please find attached FNOL LOR received. Kindly note any insurance and/or preservation requests. Lease abstract and service channel repairs and maintenance from 02/01/25-07/07/25 attached. Please pursue store photos and video which, as of today, is available for the DOL. Video is available from 05/14/25 at 8:00 PM. DOL has been archived until 01/07/26. Please determine whether we owe LL D&I, as LOR is addressed to LL (or former LL – examiner to determine) in this matter.

Is this claim for
Record/Report Only?

## Submission Statement

Branch

PLEASE NOTE: This is a post only e-mail, you cannot use the 'Reply' function. Any attempt to do so will not be received by the sender.

Any personal data acquired, processed or shared by us will be lawfully processed in line with applicable data protection legislation. If you have any questions regarding how we process personal data refer to our Privacy Notice. Any communication including this email and files/attachments transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. If this message has been sent to you in error, you must not copy, distribute or disclose of the information it contains and you must notify us immediately (contact is within the privacy policy) and delete the message from your system.

DOCKET No.: 1:26-cv-02174-RA

UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEOFFREY MAYO,

Plaintiff,

-against-

CVS PHARMACY, INC. and CVS INC.
Defendant.

Respondent's Rule 26(a)(1) disclosures



**Attorneys for Defendant(s)**
**CVS ALBANY, LLC i/s/h/a CVS PHARMACY, INC. and CVS INC.,**
One Battery Park Plaza, 34th Floor
New York, New York 10004
(212) 732-2000 (Tel)
Our File No.: 23000-389

"WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION UNLESS
PRIOR PERMISSION IS GIVEN"

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JEOFFREY MAYO,

Plaintiff,

-against-

CVS PHARMACY, INC. and CVS INC.

Defendants,
-------------------------------------------------------------------X

**RESPONDENT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION**

Docket No.: 1:26-cv-02174-RA

The Respondent, **CVS ALBANY, LLC, i/s/h/a CVS PHARMACY, INC. and CVS INC.,** (hereinafter "CVS"), by their attorneys, CULLEN and DYKMAN LLP., as and for their Response to Plaintiff's Requests for Production dated April 21, 2026, alleges upon information and belief:

## GENERAL OBJECTIONS

CVS reserves the right to object on the grounds of competency, privilege, relevancy, immateriality, hearsay, or any other proper ground to the use of any such information, for any purpose, in whole or in part, in any subsequent stage or preceding in this action or any other action; and

CVS reserves the right to object on any and all grounds, at any time, to any other discovery proceeding involved with or related to the subject matter of these disclosures. All of the disclosures set forth below are made subject to the above comments and qualifications.

## RESPONSES

1. CVS objects to this demand for the full name, last known address and current employment status of the CVS Prescription Manager on June 12, 2025, as vague, overly

CLIENTS\23000\389\35708797.v1-4/30/26

broad, unduly burdensome, unclear, and outside the scope of discovery. Without waiving any objections, Nicole Abrante was the Pharmacy Technician employed during the time of the incident. Ms. Abrante is still employed with CVS.

2. CVS objects to this demand for the full name, last known address and current employment status of all employees who were present in the Prescription/Drug dispensary area of the CVS at the time of the subject accident as vague, overly broad, unduly burdensome, and outside the scope of discovery. Without waiving any objections, upon information and belief, the following pharmacy employees were working on the date of the incident:

   a. Geraldine John- Employed by CVS

   b. Nicole Abrante- Employed by CVS

   c. Rimi Akhter- Employed by CVS

3. CVS objects to this demand for copies of all accident reports and statements taken regarding the subject accident as vague, overly broad, unduly burdensome, work product, prepared in anticipation of litigation, and outside the scope of discovery. Without waiving any objections, the incident report was disclosed in CVS's Rule 26(a)(1) Disclosures dated April 30, 2026.

4. CVS objects to this demand for all photos and videos taken of the area where the Subject Accident occurred as vague, overly broad, unduly burdensome, and outside the scope of discovery. Without waiving any objections, surveillance footage was provided under separate cover.

CLIENTS\23000\389\35708797.v1-4/30/26

5. CVS objects to this demand for true copies of all investigative reports/notes prepared regarding the Subject Accident as vague, overly broad, unduly burdensome, work product, prepared in anticipation of litigation, and outside the scope of discovery.

6. CVS objects to this demand for design drawings/blueprints of the prescription/drug dispensary area of the subejct CVS as vague, overly broad, unduly burdensome, and outside the scope of discovery.

7. CVS objects to this demand for "The Operator's Manual" for the metal gate at the pharmacy as vague, overly broad, unduly burdensome, and outside the scope of discovery. Without waiving any objections, CVS is not in possession of a relevant manual responsive to this demand.

8. CVS objects to this demand for the installation records for the Subejct Metal Gate as vague, overly broad, unduly burdensome, and outside the scope of discovery. Without waiving any objections, CVS is not in possession of relevant records responsive to this demand.

9. CVS objects to this demand for the Safety Manual of the Subject Metal Gate as vague, overly broad, unduly burdensome, and outside the scope of discovery. Without waiving any objections, CVS is not in possession of relevant Manuals responsive to this demand.

10. CVS objects to this demand for the period of June 12, 2022, through June 12, 2025, for maintenance and repair records for the Subejct Metal Gate as vague, overly broad, unduly burdensome, and outside the scope of discovery. Without waiving any objections, CVS is not in possession of relevant maintenance and repair records responsive to this demand.

11. CVS objects to this demand for period of June 12 2022 through June 12, 2025, for prior complaints of the Subject Metal Gate as vague, overly broad, unduly burdensome, and

outside the scope of discovery. Without waiving any objections, CVS is not in possession of prior complaints responsive to this demand.

12. CVS objects to this demand for pleadings from prior lawsuits against CVS in which Plaintiffs alleged that they were injured by the Subject Metal Gate on or prior to June 12, 2025. Without waiving any objections, other than the subject lawsuit CVS is not in possession of relevant prior lawsuits responsive to this demand.

13. CVS objects to this demand for the period of June 12, 2022 through June 12, 2025, for inspection reports regarding the Subject Metal Gate as vague, overly broad, unduly burdensome, and outside the scope of discovery. Without waiving any objections, CVS is not in possession of relevant reports responsive to this demand.

14. CVS objects to this demand for the file that CVS maintains in the ordinary course of its business with respect to the Subject Accident as vague, overly broad, unduly burdensome, unclear, attorney work product, prepared in anticipation of litigation, and outside the scope of discovery.

15. CVS objects to this demand for CVS's rules, regulations, guidelines and protocols that were in effect on June 12, 2025 for the investigation and reporting of accidents that occur on CVS's property as vague, overly broad, unduly burdensome, and outside the scope of discovery. Without waiving any objections, this demand is better addressed during depositions.

16. CVS objects to this demand for period of June 12, 2025, through June 12, 2025, for internal communications within CVS regarding the manner in which the Subject Metal Gate was functioning, as vague, overly broad, unduly burdensome, and outside the scope

of discovery. Without waiving any objections, CVS is not in possession of relevant communications responsive to this demand.

17. CVS objects to this demand for the names, address and employment status of all eyewitnesses to the Subejct Accident. Without waiving any objections, see **response 1.**

18. CVS objects to this demand for any adverse party statements as vague, overly broad, unduly burdensome, work product, prepared in anticipation of litigation, and outside the scope of discovery.

19. CVS objects to this demand for expert reports relevant to the subejct accident as vague, overly broad, unduly burdensome, and outside the scope of discovery. Without waiving any objections, CVS has not yet retained experts. If/when retained, the appropriate expert disclosures will be served.

20. CVS objects to this demand for the names, addresses and employment status of all person employed by CVS on the date of the Subject Accident who responded to the scene of the Subject Accident as vague, overly broad, unduly burdensome, and outside the scope of discovery. Without waiving any objections, see **response 1.**

21. CVS objects to this demand for the names, addresses and employment status of all person employed by CVS on the date of the Subject Accident who spoke with Plaintiff when he reported the Subejct Accident as vague, overly broad, unduly burdensome, and outside the scope of discovery. This demand is better applicable to the Plaintiff, Jeoffrey Mayo. Without waiving any objections, see **response 1.**

22. CVS objects to this demand for the liability insurance policy(ies) in effect on the date of the Subejct Accident as vague, overly broad, unduly burdensome, and outside the scope

of discovery. Without waiving any objections, CVS maintains a self-insured retention policy with a limit sufficient to satisfy a foreseeable judgment in this matter.

23. CVS objects to this demand for excess and umbrella insurance polices in effect on the date of the Subject Accident, as vague, overly broad, unduly burdensome, and outside the scope of discovery. Without waiving any objections, see **response 22.**

**PLEASE TAKE NOTICE,** CVS reserves the right to supplement and/or amend this response up to an including the time of trail.

**PLEASE TAKE FURTHER NOTICE** that all documents disclosed under this response, previous responses and future responses are **CONFIDENTIAL.**

Dated: New York, NY
       April 30, 2026

.

BY:    Julia Merani, Esq.
       Cullen and Dykman, LLP
       *Attorneys for Defendant*
       **CVS ALBANY, LLC i/s/h/a CVS PHARMACY, INC., and CVS INC.,**
       One Battery Park Plaza, 34th Floor
       (212) 701-4169

TO:    Law Offices of Neil Moldovan, P.C.
       *Attorneys for Plaintiff*
       **JEOFFREY MAYO**
       900 Steward Avenue, Suite 220
       Garden City, New York 11530
       gina@neilmoldovanlaw.com

DOCKET No.: 1:26-cv-02174-RA

## UNTIED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JEOFFREY MAYO,

                    Plaintiff,

         -against-

CVS PHARMACY, INC. and CVS INC.
                    Defendant.

---

### Respondent's Response to Plaintiff's Requests for Production



**Attorneys for Defendant(s)**
**CVS ALBANY, LLC i/s/h/a CVS PHARMACY, INC. and CVS INC.,**
One Battery Park Plaza, 34th Floor
New York, New York 10004
(212) 732-2000 (Tel)
Our File No.: 23000-389

**"WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION UNLESS PRIOR PERMISSION IS GIVEN"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

JEOFFREY MAYO,

                           Plaintiff,                       *26-CV-2174 (RA)*

       -against-

CVS PHARMACY, INC and CVS INC.,

                         Defendants.

----------------------------------------------------------------X

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

Plaintiff, **JEOFFREY MAYO** ("Plaintiff"), by and through his attorneys, the LAW

OFFICES OF NEIL MOLDOVAN, P.C., demands that defendants, **CVS PHARMACY, INC and**

**CVS INC.,** (hereinafter "CVS") produce the following documents and things for inspection and

copying at the office of the undersigned, within thirty (30) days of the date of service, pursuant to

Rules 26(b) and 34 of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

1.    The full name, last known address and current employment status with CVS's of the CVS

     Prescription Manager at the CVS located at 118-10 Queens Boulevard, Forest Hills, New

     York 11375, on the June 12, 2025 date of the accident that is the subject of the complaint

     herein ("Subject Accident").

2.    Full name, last known address and current employment status of all employees who were

     present in the Prescription/Drug dispensary area of the CVS located at 118-10 Queens

     Boulevard, Forest Hills, New York 11375 at the time of the Subject Accident.

3.    Complete copies of all accident reports and statements taken regarding the subject accident

     to and identify with specificity the person(s) who prepared said reports and statements.

4. True color copies of all photos and videos taken of the area where the Subject Accident occurred and identify the person(s) who took said pictures/videos.

5. True copies of all investigative reports/notes prepared regarding the Subject Accident and identify with specificity the person(s) who prepared said documents.

6. Design drawings/blueprints of the prescription/drug dispensary area of the CVS located at 118-10 Queens Boulevard, Forest Hills, New York 11375.

7. The Operator's Manual for the metal gate at the pharmacy that closed on Plaintiff's head (the "Subject Metal Gate").

8. The installation records for the Subject Metal Gate including, but not limited to, contracts, subcontracts, work orders, change orders, invoices and receipts.

9. The Safety Manual, if any, for the Subject Metal Gate.

10. For the period of June 12, 2022 through June 12, 2025, maintenance and repair records for the Subject Metal Gate.

11. For the period of June 12, 2022 through June 12, 2025, prior complaints that CVS received regarding the Subject Metal Gate.

12. Pleadings from prior lawsuits against CVS in which Plaintiffs alleged that they were injured by the Subject Metal Gate on dates on and prior to June 12, 2025.

13. For the period of June 12, 2022 through June 12, 2005, inspection reports regarding the Subject Metal Gate.

14. The file that CVS maintains in the ordinary course of its business with respect to the Subject Accident, excluding privileged attorney-client communications and attorney work product.

.

2

15.    CVS's rules, regulations, guidelines and protocols that were in effect on June 12, 2025 for the investigation and reporting of accidents that occur on CVS's property.

16.    For the period of June 12, 2025 through June 12, 20225, internal communications within CVS regarding the manner in which the Subject Metal Gate was functioning, including but not limited to, emails, memos, text messages, voicemails and written summaries of communications.

17.    Names, addresses and employment status of all eyewitnesses to the Subject Accident.

18.    Adverse party statements, including any admissions by CVS of prior knowledge regarding the malfunctioning of the Subject Metal Gate.

19.    Expert reports relevant to the Subject Accident.

20    Names, addresses and employment status of all persons employed by CVS on the date of the Subject Accident who responded to the scene of the Subject Accident.

21.    Names, addresses and employment status of all persons employed by CVS on the date of the Subject Accident who spoke with Plaintiff when he reported the Subject Accident.

22.    The liability insurance policy(ies) in effect on the date of the Subject Accident, including the Declarations Page.

3

23.     Excess and umbrella insurance policies in effect on the date of the Subject Accident,

including the Declarations Pages.

Dated:  Garden City, New York
        April 21, 2026

                                    Yours, etc.

                                    LAW OFFICES OF NEIL MOLDOVAN, P.C.

                                    By: **GINA M. FORTUNATO, ESQ.**
                                    *Attorneys for Plaintiff*
                                    *JEOFFREEY MAYO*
                                    900 Stewart Avenue, Suite 220
                                    Garden City, NY 11530
                                    (516) 294-3300
                                    gina@neilmoldovanlaw.com

TO:     **CULLEN AND DYKMAN LLP**
        Attorney for Defendants
        *CVS PHARMACY, INC and CVS INC*
        1 Battery Park Plaza, Floor 34
        New York, NY 10004-1411

## AFFIRMATION OF SERVICE

STATE OF NEW YORK    }
                     : SS.:
COUNTY OF NASSAU     }


Brittani McGhie, I am over the age of 18 years of age and reside in Nassau County. I am not a party to this action.

On April 21 ,2026, I served the within, **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION,** upon the parties listed below by mailing a true and complete copy of same in a postage pre-paid envelope, and depositing same in a post office or official depository of the United States Postal Service within New York State, at the last known address of the addressee(s) as set forth herein

TO:    **CULLEN AND DYKMAN LLP**
       Attorney for Defendants
       *CVS PHARMACY. INC and CVS INC*
       1 Battery Park Plaza, Floor 34
       New York, NY 10004-1411

Dated: Garden City, New York
       April 21, 2026


BRITTANI MCGHIE.


Sworn to before me this
21ST day of April, 2026


NOTARY PUBLIC


GEORGEINA V. CHARLES
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CH6316906
Qualified in Suffolk County
My Commission Expires 12-22-2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

JEOFFREY MAYO,                                          *26-CV-2174 (RA)*

Plaintiff,

-against-

CVS PHARMACY, INC and CVS INC.,

Defendants.

-------------------------------------------------------------------X

---------------------------------------------------------------------------------------------

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

---------------------------------------------------------------------------------------------

*Pursuant to 22 NYCRR 130-1 1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Law Offices of Neil Moldovan, P.C.
Attorneys for Plaintiff

By: _____
**GINA M. FORTUNATO, ESQ.**
900 Stewart Avenue, Suite 220
Garden City, New York 11530
(516) 294-3300

# EXHIBIT D

# M
## LAW OFFICES OF NEIL MOLDOVAN, P.C.

900 Stewart Avenue, Suite 220
Garden City. New York 11530

Tel (516) 294-3300
Fax (516) 294-4019

**NEIL MOLDOVAN**

*Service by fax not accepted*

JUSTIN K. MOLDOVAN

KATHLEEN DOHERTY
GINA M. FORTUNATO
JAMES M MARINO

May 22, 2026

**VIA EMAIL**
Erin Frost, Esq. — Efrost@cullenllp.com
Julia Merani, Esq.   Jmerani@cullenllp.com
Cullen & Dykman, LLP
One Battery Park Plaza
34th Floor
New York, New York 10004

Re:   *Jeoffrey Mayo v. CVS*
S.D.N.Y. Docket No. 1:26-CV-02174-RA
D/A: 06/12/2025
**VIDEO NEEDED FROM CAMERA ABOVE CASH REGISTER**

Dear Ms. Frost and Ms. Merani:

Thank you for providing the 96 separate one-minute videos from throughout the CVS store at or around the time of Mr. Mayo's incident. We finally were able to view them yesterday after one of your paralegals provided something that allowed us to download and view the videos.

However, we still need from CVS the video taken from the camera that is directly above the cash register at which Mr. Mayo was standing when the gate came down. (See attached photos, which show the camera above the cash register, and which previously were annexed to Plaintiff's Initial Disclosures.) Please produce this video within the next week, as it will not be possible to meaningfully proceed with the mediation without seeing this video.

Very truly yours,

LAW OFFICES OF NEIL MOLDOVAN, P.C.

By: _____
GINA M. FORTUNATO, ESQ.







# EXHIBIT E

# Ŋ

## LAW OFFICES OF NEIL MOLDOVAN, P.C.

900 Stewart Avenue, Suite 220
Garden City, New York 11530

Tel  (516) 294-3300
Fax  (516) 294-4019

**NEIL MOLDOVAN**

*Service by fax not accepted*

JUSTIN K. MOLDOVAN

KATHLEEN DOHERTY
GINA M FORTUNATO
JAMES M MARINO

May 26, 2026

**VIA EMAIL**
Erin Frost, Esq.   Efrost@cullenllp.com
Julia Merani, Esq. – Jmerani@cullenllp.com
Cullen & Dykman, LLP
One Battery Park Plaza
34th Floor
New York, New York 10004

> Re: *Jeoffrey Mayo v. CVS*
> S.D.N.Y. Docket No. 1:26-CV-02174-RA
> D/A: 06/12/2025
> **<u>VIDEO NEEDED FROM WHEN PLAINTIFF CAME BACK TO CVS</u>**

Dear Ms. Frost and Ms. Merani:

It is our understanding that Plaintiff returned to CVS on 6/12/25 approximately 20 minutes after the incident, for purposes of informing a CVS employee about the incident. Please provide us with video showing Plaintiff returning to and re-entering the store.

Very truly yours,

LAW OFFICES OF NEIL MOLDOVAN, P.C.

By: _____
GINA M. FORTUNATO, ESQ.

# EXHIBIT F

# N

## LAW OFFICES OF NEIL MOLDOVAN, P.C.

900 Stewart Avenue, Suite 220
Garden City, New York 11530

Tel (516) 294-3300
Fax (516) 294-4019

**NEIL MOLDOVAN**

*Service by fax not accepted*

**JUSTIN K. MOLDOVAN**

KATHLEEN DOHERTY
GINA M FORTUNATO
JAMES M MARINO

May 27, 2026

**VIA EMAIL**
Erin Frost, Esq. – Efrost@cullenllp.com
Cullen & Dykman, LLP
One Battery Park Plaza
34th Floor
New York, New York 10004

   Re: *Jeoffrey Mayo v. CVS*
     S.D.N.Y. Docket No. 1:26-CV-02174-RA
     D/A: 06/12/2025
     **EVIDENCE NEEDED BEFORE A MEANINGFUL MEDIATION**

Dear Ms. Frost:

  As stated in our previous letters dated May 11, 2026, May 22, 2026, and May 26, 2026 (attached), we cannot engage in a meaningful mediation without the evidence that CVS has failed to produce. Particularly concerning is CVS's failure to produce the statements it must have taken from the red-headed CVS employee who was ringing up Mr. Mayo's purchases at the time the pharmacy gate descended, CVS's failure to produce the video from the camera directly above Mr. Mayo's head, which would give the best view of how the pharmacy gate made contact with his head, and ~~your having only shown the mediator on May 26, 2026 (at the purported "pre-mediation ZOOM meeting) the video taken from behind the pharmacy counter, which eliminates a view of the gate striking Mr. Mayo on the head.~~ We will be compelled to seek a pre-motion conference with the magistrate judge if we do not receive CVS's evidence in response by Friday, May 29, 2026.

       Very truly yours,

       LAW OFFICES OF NEIL MOLDOVAN, P.C.

     By:              
       GINA M. FORTUNATO, ESQ.